In the United States District Court for the Northern District of Florida

Tallahassee Division

Case No: 4:25-cv-00271-RH/MJF

Joshua-Michael Van Schaick

> *Plaintiff,*

> v.

Ron DeSantis as the Governor of the State of Florida,

et al,

James Uthmeier as the Attorney General of the State of Florida,

Florida Department of Management Services,

Florida Department of Environmental Protection,

United States Department of Homeland Security,

United States Immigration and Customs Enforcement,

> *Defendant(s).*

_____/

## Expedited Motion for Preliminary Injunction

Plaintiff, Joshua-Michael Van Schaick, *In Rem Suam, Propria Persona, Sui Juris,* herein respectfully Moves this Court, pursuant to Federal Rule of Civil Procedure 65(a) and controlling constitutional authority, for entry of a Preliminary Injunction enjoining the Defendants from further development or activity of the proposed "Everglades Alligator Alcatraz" and as grounds states:

## I. Introduction

Van Schaick v. DeSantis, et al; Defendants-Expedited Motion for Preliminary Injunction

FILED USDC FLND TL
JUL 1 '25 PM3:03
BГ

Plaintiff filed a Verified Complaint on June 26, 2025, seeking preliminary and permanent injunctive relief to restrain *ultra vires* and unconstitutional action by Defendants who have commenced or supported construction of a federal immigration detention facility—referred to publicly as "Everglades Alligator Alcatraz"—on land held under United States Patent No. 137. Plaintiff now seeks expedited judicial intervention to prevent potential irreparable harm to the Everglades ecosystem, the cultural sanctity of adjacent indigenous lands, and property rights.

## II. Legal Standard

Under Rule 65(a) and *Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008),* a plaintiff seeking a preliminary injunction must demonstrate:

A. likelihood of success on the merits;

B. A likelihood of irreparable harm in the absence of relief;

C. That the balance of equities tips in the plaintiff's favor; and

D. That an injunction is in the public interest.

## III. Argument

1. **Likelihood of Success on the Merits:**

- *Wineman v. United States, 56 Fed. Cl. 292 (2003):* Federal patents convey fee simple title that is not subject to state or federal interference unless expressly reserved by Congress.

- *United States v. Lutz, 295 F.2d 736 (5th Cir. 1961):* Federal patents are a grant that is binding against the government unless there was fraud or mistake.

Van Schaick v. DeSantis, et al; Defendants-Expedited Motion for Preliminary Injunction

- *Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952):* The President may not act contrary to the will of Congress or in areas reserved to Congress, even in emergencies.

The Plaintiff has attached a certified copy of Patent No. 137 in the above captioned case in his formal Verified Complaint for Preliminary and Permanent Injunction (Exhibit A) and the State's prior acceptance of title and conveyance, extinguishing proprietary claims over the subject matter (Exhibit B), demonstrating a perfected title in fee simple that removes subject matter jurisdiction from federal and state overreach. The proposed facility, supported by Executive Orders 2303 and 24269, was issued without legislative approval, and attempts to assert regulatory control over land that is immune from such authority. The Executive Orders are *ultra vires* and void as applied, even under a declaration of a state of emergency, because the land in question lies outside of the lawful jurisdiction of the Defendants, and no statutory or constitutional authority permits such encroachment.

2. **Irreparable Harm**: (Environmental and Cultural).

- *American Indian Religious Freedom Act (AIRFA),* 42 U.S.C. § 1996: Protects access to sacred sites and traditional practices, which the proposed "Everglades Alligator Alcatraz" restricts.

Absent injunctive relief, multiple parties will suffer irreparable injury, including:

- Destruction of Everglades wetlands and habitat for endangered species;

- Disruption of the cultural and ceremonial practices of the Miccosukee and Seminole tribes;

- Infringement upon the public and private domain.

Van Schaick v. DeSantis, et al; Defendants-Expedited Motion for Preliminary Injunction

## 3. Balance of Equities:

Equity favors the preservation of constitutionally protected property rights, especially when the opposing party lacks lawful authority.

- *United States v. Francisco, 614 F.2d 617 (10th Cir. 1980)*:

Patents are valid legal title that override conflicting claims unless lawfully repealed.

Exhibits "A" and "B" in the above captioned case in Plaintiffs Verified Complaint for Preliminary and Permanent Injunction stand as *prima facie* evidence that *estop* the Defendants from any further construction of the "Everglades Alligator Alcatraz" facility, while Defendants have advanced a detention facility on no lawful foundation. Equity demands restraint.

## 4. Public Interest:

There is no public interest in permitting government agencies to violate patent law, the Constitution, or environmental integrity, nor is there any public interest in subjecting local indigenous communities to possible harm and adverse repercussions. Courts routinely recognize that injunctive relief is warranted where agencies act without lawful jurisdiction or fail to address environmental or public harm.

### V. Bond

5. The Plaintiff respectfully requests the Court waive the bond requirement under Rule

65(c), or in the alternative, set it at a nominal amount of $1.00, in light of the constitutional issues, public interest, and absence of monetary damages to the Defendants.

### VI. Prayer for Relief

- Plaintiff requests the opportunity for oral argument and evidentiary hearing should the Court deem it necessary under Rule 65(a), and objects to any adverse ruling made without such opportunity.

- Immediately grant a Preliminary Injunction enjoining Defendants from any further construction, occupation, or support of the facility proposed to open on July 1, 2025 until relief giving rise to the ongoing litigation over the subject matter is satisfied and entered for Permanent Injunction.

- Affirm that the subject matter shall remain dedicated to historic aviation and training use, until further lawful order.

- Ensure the integrity of all lawful conveyances made under patent by authority of the United States of America.

- Grant all further relief the Court deems just and proper.

    A proposed order is submitted herewith.

Respectfully submitted,



Dated: July 1, 2025

Joshua-Michael Van Schaick, Movant

Van Schaick v. DeSantis, et al; Defendants-Expedited Motion for Preliminary Injunction

*In Rem Suam, Propria Persona, Sui Juris*

Native state Citizen of Florida

28 U.S.C. 1746(1)

Without Prejudice

739 Washington Avenue

Homestead, Florida 33030-1332

In the United States of America

Telephone: 305-783-6544

Email: jvanschaick20@gmail.com

**<u>Certificate of Service</u>**

I Hereby Certify that on this 1st day of July 2025, I caused a true and correct copy of the foregoing Expedited Motion for Preliminary Injunction to be furnished upon all parties of record by Certified U.S. Mail, postage prepaid, and Certificate of Mailing addressed as follows:

Ron DeSantis

400 South Monroe Street #209

The Capitol

Tallahassee, Florida 32399

(850) 717-9337


James Uthemeier

107 West Gaines Street

Tallahassee, Florida 32399

(850) 414-3300


Florida Department of Management Services

4050 Esplanade Way

Tallahassee, Florida 32399

(850) 414-6736


Florida Department of Environmental Protection

3900 Commonwealth Boulevard

Tallahassee, Florida 32399

(850) 245-2118


U.S. Attorneys Office-Northern District of Florida

111 N. Adams Street, 4th Floor

Tallahassee, Florida 32301

(850) 942-8430

**Van Schaick v. DeSantis, et al; Defendants-Expedited Motion for Preliminary Injunction**

_____

Joshua-Michael Van Schaick, *Propria Persona*