UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSHUA-MICHAEL VAN
SCHAICK,

    Plaintiff,

v.                                        Case No.  4:25-cv-271-RH-MJF

RON DESANTIS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this civil action against various Florida and federal officers and agencies seeking "to restrain ultra vires and unconstitutional trespass on lands held under United States patent." Doc. 1 at 1. Specifically, Plaintiff seeks to enjoin the "establishment or support of a federal detention facility" commonly known as "Alligator Alcatraz." *Id.* Defendants move to dismiss for lack of standing. Docs. 23 & 25. Plaintiff responded in opposition. Doc. 28. Because Plaintiff failed to establish that he has standing, the District Court should grant the Defendants' motions and dismiss this civil action without prejudice.

## BACKGROUND

On April 30, 1903, the United States government transferred approximately 2,862,280 acres of land within the Everglades to the State of Florida as part of the Swamp and Overflowed Land Patent, No. 137. Doc. 3-1 at 5; *Hardee v. Horton*, 108 So. 189, 191 (Fla. 1925); *see* Doc. 1 ¶ 13. Plaintiff alleges that Florida subsequently placed the land in the private domain, but Plaintiff does not identify to whom Florida purportedly conveyed the property. Doc. 1 ¶ 47(d).

On June 23, 2025, the Florida Division of Emergency Management ("FDEM") took control of the Dade-Collier Training and Transition Airport ("TNT") in order to construct a "large scale immigration detention facility." Doc. 1 ¶ 21; *Friends of the Everglades, Inc. v. Noem*, 796 F. Supp. 3d 1234, 1245 (S.D. Fla. 2025). Plaintiff asserts that this land "lies squarely within private, patented land." Doc. 1 ¶¶ 17, 47(d). Plaintiff, appearing "*in rem Suam, Propia Persona Sui Juris Standing-Jus-Soli-On Soil* as a Native Inhabitant of Florida" states that he is "a lawful successor in interest and a beneficial and equitable title holder of rights derived under United States Patent No. 137." Doc. 1 ¶ 6.

For relief, Plaintiff seeks to enjoin Defendants from authorizing, supporting, or constructing a detention facility on the relevant land; an order directing Defendants to relocate any detention facility; and an order of ejectment.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may raise a factual or facial attack. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)); *see Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). A facial attack "challenges whether a plaintiff 'has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in [the] complaint are taken as true.'" *Kennedy*, 998 F.3d at 1230 (quoting *Lawrence*, 919 F.2d at 1529).

## DISCUSSION

Under Article III of the United States Constitution, federal courts may exercise jurisdiction only over "Cases" and "Controversies." U.S. Const. art. III, § 2; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992).

That is, jurisdiction requires a justiciable case or controversy within the meaning of Article III. *See Allen v. Wright*, 468 U.S. 737, 750–51 (1984).

Standing constitutes one component of justiciability and presents a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Wiand v. ATC Brokers Ltd.*, 96 F.4th 1303, 1311 (11th Cir. 2024). Thus, "[e]very litigant must possess standing to sue in the United States courts." *United States v. Johnson*, 983 F.2d 216, 218 (11th Cir. 1993). "[P]laintiffs must demonstrate standing for each claim" and "each form of relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

A plaintiff bears the burden of demonstrating the three elements of Article III standing: (1) an injury in fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61; *Maron v. Chief Fin. Officer of Fla.*, 136 F.4th 1322, 1329 (11th Cir. 2025). At the pleading stage, a plaintiff merely must allege facts that would support each element of Article III standing. *Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022).

The injury-in-fact requirement helps to ensure that a plaintiff has a "personal stake in the outcome of the controversy." *Warth*, 422 U.S. at 498 (internal quotation marks omitted). The "injury in fact inquiry serves to distinguish a person with a direct stake in the outcome of litigation—even though small—from a person with a mere interest in the problem." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 690 n.14 (1973).

"To allege an injury in fact, a plaintiff must allege that he has suffered (1) 'an invasion of a legally protected interest' that is (2) 'concrete,' (3) 'particularized,' and (4) 'actual or imminent, not conjectural or hypothetical.'" *Maron*, 136 F.4th at 1329 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). For an injury to be particularized it must be "individualized rather than collective." *Spokeo*, 578 U.S. at 339. An injury is concrete when it is "real and not abstract." *Sierra v. City of Hallandale Beach, Fla.*, 996 F.3d 1110, 1113 (11th Cir. 2021).

Plaintiff has not alleged an injury in fact. Although Plaintiff purports to be a "lawful successor in interest and a beneficial equitable title holder of rights derived" under Patent No. 137, Plaintiff does not allege sufficient facts to support this legal conclusion. *Friends of the*

*Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). For example, Plaintiff does not allege how he came to have a legal or equitable interest in the 2,862,280 acres relevant to Patent No. 137. Also, having an "equitable interest" can have various meanings, and Plaintiff's allegations do not clarify the nature of his "equitable interest" in the real property at issue. Plaintiff's allegations are simply too conclusory to establish—even at the pleading stage—that Plaintiff suffered an injury in fact.

As noted above, Plaintiff has the burden of demonstrating that he has standing. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). Plaintiff has failed to carry that burden. Accordingly, the District Court should dismiss this civil action without prejudice.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendants' motions to dismiss, Docs. 23 & 25.
2. **DISMISS** this civil action without prejudice.

3.   **DIRECT** the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida on February 3, 2026

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**